# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) Cause No. 4:21-CV-01114<br>)<br>) |
| RRR TRUCKING, LLC, TONY R. POPE, MICHAEL BAKER, DENISE KRAUS, JOHN BARRALE, JODY AMBERG, JESSIE MARIE CHRISTOPHER, ELIZABETH WILLIAMS, WENDY M. BIVINS, CRETE CARRIER CORPORATION, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, MISSOURI DEPARTMENT OF TRANSPORTATION, AND KEITH FRESHLEY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANT AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.'S ANSWER TO PLAINTIFF ACUITY, A MUTUAL INSURANCE COMPANY'S PETITION FOR INTERPLEADER AND FOR DECLARATORY RELIEF**

COMES NOW Defendant, American Family Mutual Insurance Company, S.I., and in answer to Plaintiff Acuity, A Mutual Insurance Company's Petition, states as follows:

1. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore, holds Plaintiff to strict proof thereof.

2. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore, holds Plaintiff to strict proof thereof.

3. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore, holds Plaintiff to strict proof thereof.

4. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore, holds Plaintiff to strict proof thereof.

5. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore, holds Plaintiff to strict proof thereof.

6. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore, holds Plaintiff to strict proof thereof.

7. Defendant admits Paragraph 7.

8. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore, holds Plaintiff to strict proof thereof.

9. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore, holds Plaintiff to strict proof thereof.

10. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore, holds Plaintiff to strict proof thereof.

11. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph11, and therefore, holds Plaintiff to strict proof thereof.

12. Defendant admits Paragraph 12.

13. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore, holds Plaintiff to strict proof thereof.

14. . Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore, holds Plaintiff to strict proof thereof.

15. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore, holds Plaintiff to strict proof thereof.

16. Defendant states that the allegations contained in Paragraph 16 are surplusage, specifically legal conclusions, not facts, to which no answer is required.  To the extent such an answer is required, Defendant states that it is without sufficient knowledge and information to admit or deny any the allegations, and therefore, holds Plaintiff to strict proof thereof.

17. Defendant states that the allegations contained in Paragraph 17 are surplusage, specifically legal conclusions, not facts, to which no answer is required.  To the extent such an

answer is required, Defendant states that it is without sufficient knowledge and information to admit or deny any the allegations, and therefore, holds Plaintiff to strict proof thereof.

18. Defendant states that the allegations contained in Paragraph 18 are surplusage, specifically legal conclusions, not facts, to which no answer is required. To the extent such an answer is required, Defendant states that it is without sufficient knowledge and information to admit or deny any the allegations, and therefore, holds Plaintiff to strict proof thereof.

19. Defendant states that the allegations contained in Paragraph 19 are surplusage, specifically legal conclusions, not facts, to which no answer is required. To the extent such an answer is required, Defendant states that it is without sufficient knowledge and information to admit or deny any the allegations, and therefore, holds Plaintiff to strict proof thereof.

20. Defendant states that the allegations contained in Paragraph 20 are surplusage, specifically legal conclusions, not facts, to which no answer is required. To the extent such an answer is required, Defendant states that it is without sufficient knowledge and information to admit or deny any the allegations, and therefore, holds Plaintiff to strict proof thereof.

21. Defendant states that the allegations contained in Paragraph 21 are surplusage, specifically legal conclusions, not facts, to which no answer is required. To the extent such an answer is required, Defendant states that it is without sufficient knowledge and information to admit or deny any the allegations, and therefore, holds Plaintiff to strict proof thereof.

22. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore, holds Plaintiff to strict proof thereof.

23. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore, holds Plaintiff to strict proof thereof.

24. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore, holds Plaintiff to strict proof thereof.

25. Defendant admits Paragraph 25.

26. Defendant admits Paragraph 26.

27. Defendant admits in part, and is without knowledge in part to the allegations contained in Paragraph 27 and its subparts:

    a. Defendant admits that Heather Baker was a pedestrian on or near the roadway at the time of the accident and was died as a result of the accident. Defendant is without knowledge as to the surviving family, heirs, and/or legatees of Heather Baker and therefore holds Plaintiff to strict proof thereof.

    b. Defendant admits Paragraph 27(b).

    c. Defendant is without knowledge as to the allegations contained in subsection (c) and therefore holds Plaintiff to strict proof thereof.

    d. Defendant is without knowledge as to the allegations contained in subsection (d) and therefore holds Plaintiff to strict proof thereof.

    e. Defendant is without knowledge as to the allegations contained in subsection (e) and therefore holds Plaintiff to strict proof thereof.

28. Defendant admits Paragraph 28.

29. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore, holds Plaintiff to strict proof thereof.

30. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore, holds Plaintiff to strict proof thereof.

31. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore, holds Plaintiff to strict proof thereof.

32. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore, holds Plaintiff to strict proof thereof.

## **DEFENDANT'S ANSWER TO COUNT I - INTERPLEADER**

33. For its Answer to Paragraph 33, Defendant restates and incorporates by reference paragraphs 1 through 32 above, including any and all affirmative defenses, as if fully set out herein.

34. Defendant admits Paragraph 34.

35. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore, holds Plaintiff to strict proof thereof.

36. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36, and therefore, holds Plaintiff to strict proof thereof.

37. Defendant admits Paragraph 37.

38. Defendant states that the allegations contained in Paragraph 38 are surplusage, specifically legal conclusions, not facts, to which no answer is required.  To the extent such an answer is required, Defendant states that it is without sufficient knowledge and information to admit or deny any the allegations, and therefore, holds Plaintiff to strict proof thereof.

## DEFENDANT'S ANSWER TO COUNT II

39. For its Answer to Paragraph 39, Defendant restates and incorporates by reference paragraphs 1 through 39 above, including any and all affirmative defenses, as if fully set out herein.

40. Defendant states that the allegations contained in Paragraph 40 are surplusage, specifically legal conclusions, not facts, to which no answer is required.  To the extent such an answer is required, Defendant states that it is without sufficient knowledge and information to admit or deny any the allegations, and therefore, holds Plaintiff to strict proof thereof.

41. Defendant states that the allegations contained in Paragraph 41 are surplusage, specifically legal conclusions, not facts, to which no answer is required.  To the extent such an answer is required, Defendant states that it is without sufficient knowledge and information to admit or deny any the allegations, and therefore, holds Plaintiff to strict proof thereof.

42. Defendant states that the allegations contained in Paragraph 42 are surplusage, specifically legal conclusions, not facts, to which no answer is required.  To the extent such an answer is required, Defendant states that it is without sufficient knowledge and information to admit or deny any the allegations, and therefore, holds Plaintiff to strict proof thereof.

## COUNTER CLAIM OF DEFENDANT
## AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.

COMES NOW Defendant American Family Mutual Insurance Company, S.I., ("American Family") by and through counsel, and makes the following claim against Plaintiff Acuity, A Mutual Insurance Company, as follows:

1. Claimant/Defendant American Family incorporates by reference the admitted allegations contained in Plaintiff's Petition for Interpleader and incorporates the same by reference herein.

2. At all times relevant hereto, claimant/Defendant American Family insured the 2016 Honda CRV vehicle owned and operated by its insured Jody Amberg.

3. On or about October 27, 2020, as a direct and proximate result of the negligence of Plaintiff's insured, Tony R. Pope, a motor vehicle collision occurred, resulting in property damage to the 2016 Honda CRV insured by American Family Mutual Insurance Company, S.I. in the amount of $15,868.50.

WHEREFORE, Claimant/Defendant American Family Mutual Insurance Company, S.I. prays this Court to enter a judgment in favor of said Defendant in an amount commensurate with the evidence of Defendant American Family's claim, against the amount interpleaded by the Plaintiff. Defendant also prays this Court for an order allowing it to reserve any and all claims that Defendant has against Tony R. Pope, to the extent Defendant's recovery against the funds interpleaded by the Plaintiff fail to fully satisfy Defendant's claim herein.

                                                                                                                                /s/ Stephanie Kennedy
                                                                  Stephanie A. Kennedy, #65741
                                                                  P.O. Box 77055
                                                                  Madison, WI 53707
                                                                  (314) 542-0015
                                                                  Fax (866) 292-8815
                                                                  skenned2@amfam.com

>Attorney for American Family Mutual
>Insurance Company, S.I.

## CERTIFICATE OF SERVICE

I hereby certify that on this __14th___ day of _October, 2021___, this document was electronically filed through the Court's e-file system which will provide copies of same to all attorneys of record.

_____