IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>RRR TRUCKING, LLC, et al.,<br><br>    Defendants. | Case No.    4:21-CV-1114-RWS |

**RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants RRR Trucking, LLC ("RRR") and Tony Pope, for their response in opposition to plaintiff's motion for summary judgment, state:

Acuity's motion for summary judgment raises a single issue: does the commercial automobile insurance policy ("Policy") Acuity issued to RRR provide $2 million in liability coverage because RRR's employee was driving a tractor-trailer which were both separately insured, or is there only $1 million in liability coverage? Acuity contends that only $1 million is available because the Policy contains an unstated $1 million aggregate limit notwithstanding the number of insured vehicles involved in the accident.

RRR and Pope disagree. The policy unambiguously provides $1 million in liability coverage for the tractor and $1 million in liability coverage for the trailer.

Answering this question requires looking at the declaration page of RRR's Policy[1] and the language contained in the limitations of liability clause in RRR's Policy.

---

[1] Acuity's Exhibit B attached to its statement of facts contains a commercial general liability policy, a commercial automobile policy, and a commercial inland marine policy. [Doc. 61-2]. Only the commercial automobile policy at Doc. 61-2, pages 47-109, is relevant

1

The declaration page of RRR's Policy contains three separate "Items." "Item One" identifies the insured. [Doc. 61-2, pg. 47]. "Item Two" is titled "SCHEDULE OF COVERAGES AND COVERED AUTOS." *Id*. "Item 2" appears as follows:

Item Two: SCHEDULE OF COVERAGES AND COVERED AUTOS

Each of these coverages apply only to those *autos* shown as covered *autos* by the entry of one or more of the symbols from the Covered Autos section of the Business Auto Coverage Form next to the name of the coverage.

| Coverages | Covered Auto Symbols | Limit of Insurance | Premium |
|---|---|---|---|
| Liability | 7, 8, 9, 19 | $1,000,000 each *accident* | $43,799.00 |
| Auto Medical Payments | 2 | $5,000 each person | $363.00 |
| Uninsured Motorists Bodily Injury | 6 | $1,000,000 each person  $1,000,000 each *accident* | $140.00 |
| Underinsured Motorists | 7 | $1,000,000 each person  $1,000,000 each *accident* | $410.00 |
| Comprehensive | 7 | Actual cash value, cost of repair or stated amount (if any), whichever is less, minus the deductible shown in Item(s) Three for each covered *auto* | $8,860.00 |
| Collision | 7 | Actual cash value, cost of repair or stated amount (if any), whichever is less, minus the deductible shown in Item(s) Three for each covered *auto* | $38,040.00 |
| Estimated Schedule Premium | | | $91,612.00 |

"Item Three" is a "SCHEDULE OF COVERAGES AND PREMIUM DETAIL." This "Item" identifies 20 vehicles (hereinafter referred to as "Covered Auto" or "Covered Autos") for which Acuity provided insurance coverage. For each Covered Auto, whether a tractor or a trailer, the types of coverage are identified, the limit of each type of insurance coverage is stated, and the policy premium for each type of coverage is listed.

The tractor listed in the accident report [Doc. 61-1] has the following coverages:

---

in this matter. Thus, for purposes of this response, any reference to the "Policy" is limited to the commercial automobile policy.

| Unit 0002   2005 INTERNATIONAL 9400 9400I VIN: 2HSCNAPR35C196144 | | Class: 50472 State: MO  Zip: 63028 |
|---|---|---|
| Coverage | Limits/Deductible | Premium |
| Liability | $1,000,000 each *accident* | $4,448.00 |
| Auto Medical Payments | $5,000 each person | $38.00 |
| Uninsured Motorists Bodily Injury | $1,000,000 each person $1,000,000 each *accident* | $14.00 |
| Underinsured Motorists | $1,000,000 each person $1,000,000 each *accident* | $41.00 |
| Comprehensive | Actual cash value minus $1,000 deductible | $779.00 |
| Collision | Actual cash value minus $1,000 deductible | $3,566.00 |
| | Total Premium | $8,886.00 |

[Doc. 61-2, pg. 49].

Each trailer identified in the declarations page lists the following coverages:

| Unit 0006   2015 JET COMPANY INC TRAILER VIN: 5JNSS4322FH000887 | | Class: 67472 State: MO  Zip: 63028 |
|---|---|---|
| Coverage | Limits/Deductible | Premium |
| Liability | $1,000,000 each *accident* | $237.00 |
| Auto Medical Payments | $5,000 each person | $3.00 |
| Comprehensive | Actual cash value minus $1,000 deductible | $213.00 |
| Collision | Actual cash value minus $1,000 deductible | $946.00 |
| | Total Premium | $1,399.00 |

[Doc. 61-2, pg. 50].

The limitation of liability clause in RRR's Policy at Section II.C. states:

> Regardless of the number of covered autos, insureds, premiums paid, claims made or vehicles involved in the accident, the most we will pay for the total of all damages and covered pollution cost or expense combined, resulting from any one accident is the Limit of Insurance for Liability Coverage shown in the Declarations.

[Doc. 61-2, pg. 60, Section II.C. LIMIT OF INSURANCE].

In Missouri:

> The general rules for interpretation of other contracts apply to insurance contracts as well. The key is whether the contract language is ambiguous or unambiguous. When there is ambiguity in an insurance policy, the Court must interpret the policy in favor of the insured. However, where insurance policies are unambiguous, they will be enforced as written. Whether an insurance policy is ambiguous is a question of law.

*Todd v. Missouri United School Ins. Council*, 223 S.W.3d 156, 160 (Mo. 2007) (citations and quotation marks omitted).

3

All relevant parts of the insurance policy must be analyzed, because "Insurance policies are read as a whole." *Id.* at 164. This "includes the declarations, the form policy, and any endorsements and definitions." *Browning v. GuideOne Specialty Mut. Ins. Co.*, 341 S.W.3d 897, 903 (Mo. App. 2011).

"In construing the terms of an insurance policy, [the Missouri Supreme Court] applies the meaning that would be attached by an ordinary person of average understanding if purchasing insurance and resolves ambiguities in favor of the insured." *Rice v. Shelter Mut. Ins. Co.*, 301 S.W.3d 43, 46 (Mo. 2009). Additionally, "[t]hough it is the duty of the court to reconcile conflicting clauses in a policy so far as their language reasonably permits, when reconciliation fails, inconsistent provisions will be construed most favorably to the insured." *Todd*, 223 S.W.3d at 163 (citation omitted).

Here, the plain language of the Policy confirms that there is $2 million in liability coverage. Ironically, ambiguities and irreconcilable inconsistencies only exist if Acuity's reading of its policy is accepted. This is because Acuity does not read the Policy's declarations page and limitation of liability clause as a whole. Instead, Acuity focuses exclusively on "Item Two" and the limitation of liability clause, and disregards "Item Three" in its entirety.

According to Acuity, "Item Two" provides coverage in the amount of "1,000,000 each *accident*." The limitation of liability clause limits liability to the amount stated on the declarations page. Thus, based on Acuity's reading, there is only $1 million in available coverage.

As an initial matter, Acuity's reading of "Item Two" is perfunctory at best. Acuity sees the language, "$1,000,000 each *accident*," and goes no further. Acuity's reliance on this phrase, however, is misplaced.

4

"Item Two" begins by saying that, "Each of these coverages apply only to those *autos* shown as covered autos." [Doc. 61-2, pg. 47]. Covered Autos are identified by "Covered Auto Symbols" which are defined in Section I of the policy form. [Doc. 61-2, pg. 56]. Under Section I, "[t]he symbols entered next to a coverage on the Declarations designate the only *autos* that are covered *autos*." *Id*. (emphasis in original). Put simply, those vehicles within each designated Covered Auto category have the listed coverages.

Moreover, "Item Two" cannot be read in isolation. Rather, "Item Two," "Item Three," and the limitation of liability clause must be read together.

Like Item Two, Item Three is a "Schedule of Coverages." But whereas Item Two requires the reader to determine the amounts and types of insurance coverage a vehicle has based on the vehicle category as defined by Section I of the policy form, Item Three specifically states the amounts and types of insurance coverage held by each Covered Auto. Thus, when read together, Items Two and Three confirm that each Covered Auto has $1 million in liability coverage for each accident. This is a proper and unambiguous reading of RRR's declarations page.

Indeed, this is exactly what a reasonable trucking company insurance consumer would expect from their insurance. When a tractor is being operated without a trailer, the driver has more control over the tractor than the driver would while hauling a trailer. The tractor by itself also weighs less than the tractor-trailer combo. Adding the trailer decreases the driver's control and increases the weight bearing down on other drivers. Thus, driving a tractor-trailer increases risk, and as a result, increases exposure.

Given the risks associated with operating a tractor-trailer when compared to operating a tractor by itself, a reasonable trucking company insurance consumer reading

5

RRR's declaration page would believe that tractors and trailers operated together are individually insured.

Additionally, why would a trucking company pay a premium for liability coverage on a trailer if there is only coverage when the trailer is *not* connected to a tractor? A stationary trailer unconnected to a tractor presents virtually no risk of causing anyone bodily harm. The risk worth insuring comes when the trailer is connected to, and being hauled by, a tractor. Yet, this is the very risk Acuity contends is not covered. No reasonable consumer would purchase valueless insurance.

Thus, the plain language of Items Two and Three when read as a reasonable trucking company insurance consumer would, confirms that each of RRR's Covered Autos had $1 million in liability coverage for each accident.

Finally, this conclusion is further supported by Acuity's reading of Item Two. Acuity's contention that Item Two contains an aggregate limit among all Coveraged Autos of $1 million for each accident cannot be reconciled with Item Three because Item Three unquestionably states that each Covered Auto has $1 million in liability coverage. If Items Two and Three are irreconcilable, this irreconcilable difference must be resolved in RRR's favor. Therefore, accepting Acuity's interpretation still results in the Policy providing per-vehicle liability coverage.

The declarations page, however, cannot be read in isolation. While the declaration page provides $1 million in coverage for each Covered Auto involved in an accident, the Court must still determine the effect of the limitation of liability clause. The plain language of the limitation of liability clause confirms that it does not aggregate the $1 million in coverage provided to each Covered Auto.

As stated above, the limitation of liability clause states:

6

> Regardless of the number of covered autos, insureds, premiums paid, claims made or vehicles involved in the accident, **the most we will pay** for the total of all damages and covered pollution cost or expense combined, **resulting from any one accident is the Limit of Insurance for Liability Coverage shown in the Declarations**.

[Doc. 61-2, pg. 60, Section II.C. LIMIT OF INSURANCE] (emphasis added).

Items Two and Three on the declaration page collectively provide the limits of liability coverage for each Covered Auto. Those limits are $1 million for each Covered Auto involved in any one accident. Here, that means the limit is $2 million because two Covered Autos were involved in the accident. This reading avoids creating any inconsistencies or ambiguities in the Policy provisions.

To avoid the plain language of its Policy, Acuity misreads the limitation of liability clause. While not explicit, it is clear that Acuity believes the phrase, "involved in the accident," applies to Covered Autos. Essentially, Acuity reads this clause as follows:

> Regardless of the number of covered autos … **[involved in the accident]**, the most we will pay for the total of all damages … resulting from any one accident is the Limit of Insurance for Liability Coverage shown in the Declarations.

The problem with Acuity's reading is that the phrase, "involved in the accident," cannot apply to Covered Autos unless it also applies to insureds, premiums paid, and claims. Such a reading would mean that liability is limited, "regardless of the number premiums paid involved in the accident." This is nonsensical. Moreover, this reading would create an ambiguity with the declaration page that does not otherwise exist.

It is, therefore, clear that, "involved in the accident," applies only to vehicles, not Covered Autos, insureds, premiums paid, or claims. It is also clear that "vehicles" are not the same thing as Covered Autos because Covered Autos are specifically defined. If Acuity wanted this phrase to apply to Covered Autos, it would have done so. It did not.

7

Because the phrase "involved in the accident" cannot be read to apply to Covered Autos, the Court must read the declarations page and the limitation of liability clause as it is written. The limitation of liability clause says that coverage is limited to what is afforded by the declarations page. The declarations page says that each Covered Auto has $1 million in liability coverage. The accident at issue involved two Covered Autos, a tractor and a trailer. Thus, the Policy provides $2 million in liability coverage for bodily injuries resulting from the accident that occurred on October 27, 2020.

Acuity's motion for summary judgment should be denied.

BRUNTRAGER & BILLINGS, P.C.

/s/ Charles H. Billings
Charles H. Billings, #26789
225 S. Meramec Ave., Suite 1200
Clayton, MO 63105
314-646-0066
314-646-0065 – facsimile
chb@law-stl.com

Attorney for Defendants RRR Trucking, LLC and Tony Pope

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July, 2022, the foregoing **Response in Opposition to Plaintiff's Motion for Summary Judgment** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Charles H. Billings