UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:21 CV 1114 RWS |
| RRR TRUCKING, LLC, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On October 27, 2020, a multi-car accident took place on a highway near Eureka, Missouri. A tractor-trailer owned by Defendant RRR Trucking, LLC and driven by Defendant Tony Pope collided with pedestrians and vehicles that were stopped because of an earlier collision. Multiple individuals involved in the accident have asserted or may assert claims against RRR Trucking and Pope for personal injuries and property damage. Plaintiff Acuity, A Mutual Insurance Company, the insurer of both RRR Trucking and Pope, filed this suit to interplead its insurance policy proceeds and to obtain a declaration that its total liability for the accident is limited to $1,000,000. Acuity moves for summary judgment on its claim for declaratory relief. For the reasons explained below, I will grant Acuity's motion.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on their pleadings but must produce sufficient evidence to support the existence of the essential elements of their case on which they bear the burden of proof. Id. at 324.

In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004). They "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Rather, "[t]hey must show there is sufficient evidence to support a jury verdict in their favor." Nat'l

Bank of Comm. v. Dow Chem. Co., 165 F.3d 602, 607 (8th Cir. 1999) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

*Background*

The parties do not dispute that Defendants Tony Pope and RRR Trucking may be liable for the injuries sustained by the other Defendants in the motor vehicle accident. Nor is it disputed that RRR and Pope were insureds under Accuity's insurance policy. The central disputed issue is whether the limit of coverage for the accident under Acuity's insurance policy number ZC3153 is $1,000,000 or $2,000,000. In its complaint Acuity asserts a claim for interpleader (Count I) and a claim for a declaratory judgment (Count II). Acuity seeks summary judgment on Count II, contending that the language of its policy clearly establishes that its liability coverage for this accident is limited to $1,000,000.

*Discussion*

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a court "may declare the rights and other legal relations of any interested party seeking such declaration."

It is undisputed that the insurance policy at issue is governed by Missouri law. As a result, Missouri law applies to the analysis of the policy. J.E. Jones Const. Co. v. Chubb & Sons, Inc., 486 F.3d 337, 340 (8th Cir. 2007) (citation omitted). Under Missouri law, I must "read a contract as a whole and determine

3

the intent of the parties, giving effect to that intent by enforcing the contract as written." Thiemann v. Columbia Public School Dist., 338 S.W.3d 835, 839-40 (Mo. Ct. App. 2011). Contractual language is construed according to its plain and ordinary meaning. Id. When language is ambiguous, it should be interpreted as the individual insured would have interpreted it. Cincinnati Ins. Co. v. German St. Vincent Orphan Ass'n, Inc., 54 S.W.3d 661, 667 (Mo. Ct. App. 2001). "Insurance policies are to be given a reasonable construction and interpreted so as to afford coverage rather than to defeat coverage." Id. "Whether a policy is ambiguous is a question of law. An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." Gulf Ins. Co. v. Noble Broad., 936 S.W.2d 810, 813–14 (Mo. 1997) (cleaned up). "When policy language is ambiguous, it must be construed against the insurer." Id. at 814. Additionally, provisions should be viewed in the context of the entire policy and construed in a way that avoids rendering any provisions superfluous. Nooter Corp. v. Allianz Underwriters Ins. Co., 536 S.W.3d 251, 264 (Mo. Ct. App. 2017).

Acuity asserts that the policy in this matter clearly caps their liability at $1,000,000 for any one accident and that the policy is not ambiguous regarding that limitation. The policy includes Declarations pages which state in Item Two: Schedule of Coverages and Covered Autos that the liability limit of insurance for

4

each accident is $1,000,000.  [Doc. # 61, Pl.'s Statement of Uncontroverted Material Facts, Ex. B at 47]  The Declarations pages next contain Item Three: Schedule of Coverages and Premium Detail that separately lists each tractor and trailer that is covered, provides a premium for each vehicle, and states that the vehicle's limitation of liability is $1,000,000 for each accident.  [Id. at 48-53]  The tractor involved in the accident had a premium of $4,448.00 and the trailer had a premium of $217.00.

Accuity asserts that the policy language clearly imposes a $1,000,000 limitation per accident no matter how many of its insured vehicles are involved in an accident.  The relevant limiting language is found in Section II- Liability Coverage:

> **C.   LIMIT OF INSURANCE**
>
> Regardless of the number of covered autos,[1] insureds, premiums paid, claims made or vehicles involved in the accident, the most we will pay for the total of all damages and covered pollution cost or expense combined, resulting from any one accident is the Limit of Insurance for Liability Coverage shown in the Declarations.
>
> All bodily injury, property damage and covered pollution cost or expense resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one accident.

[Id. at 60]

---

[1] The Policy also defines "auto" as: "A land motor vehicle, trailer or semitrailer designed for travel on public roads;" [Id. at 64]

Acuity argues that this section defines the maximum limit of its liability for any one accident as the limitation found in Item Two of the Declarations in the amount of $1,000,000 regardless of the number of auto's insured or number of premiums paid.

Defendants claim that the policy is ambiguous because they read the Limit of Insurance paragraph above stating "regardless of number of vehicles involved in the accident" is not the same as Accuity's reading that it means "regardless of the number of covered autos involved in the accident."  Defendants assert that because the language used does not directly link the phrase "regardless of the number of covered autos" with "involved in the accident" then the individual liability limitation for both the tractor and the trailer found in Item Three of the Declarations pages should be available.  That is, $1,000,000 for the tractor and $1,000,000 for the trailer for a total of $2,000,000.  Defendants argue that because both of these covered autos were involved in the accident, and a separate premium was paid for each covered auto, the limitation of liability for each should be apply for the same accident.[2]

---

[2] Defendants argue that insuring a trailer by itself is nonsensical if its coverage is limited when both the tractor and the trailer are involved in an accident.  They assert that there is no need to insure the trailer by itself when it is not being pulled by a tractor because trailers alone do not cause accidents.  Accuity refutes this argument by providing cases where unattached trailers caused accidents when left on the side of a road or in other dangerous locations among other incidents.  Moreover, the risk of trailers being involved in accidents by themselves is reflected in the premiums charged for their coverage.  The premium for the tractor in this case was $4,448.00 for $1,000,000 in coverage.  The premium for the trailer was $217.00 for $1,000.000.  The policy's limitation of liability of $1,000,000 per accident when a covered tractor and its trailer are both involved in a single accident is a reasonable construction of the policy based on the low risk of a trailer alone causing an accident.

Acuity's states that neither the Missouri Supreme Court nor the Missouri Court of Appeals have addressed the exact issue in this case. That is, whether a policy's liability limitation per accident applies if more than one insured vehicle is involved in the accident. However, Acuity cites cases that have considered similar policy language, deemed "anti-stacking" provisions, where one insured vehicle was involved in an accident and the insured had other vehicles covered in the same policy or related policies that were not involved in the accident. In Rodriguez v. Gen. Accident Ins. Co., 808 S.W.2d 379 (Mo. 1991), the Missouri Supreme Court addressed an insurance policy's anti-stacking provision regarding an underinsured motorist claim. The policy language read:

> The limit of liability shown in the schedule for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of: "Insureds"; Claims made; Vehicles or premiums shown in the Declarations; or Vehicles involved in the accident.

Id. at 381. 381 (Mo. 1991). The Court found this language to be clear, unambiguous, and enforceable in limiting the insurer's liability despite the fact that the term "Vehicles or premiums show in the Declarations" was not immediately linked to the phrase "involved in the accident." Similarly, the case of Haulers Ins. Co. v. Wyatt, 172 S.W.3d 880 (Mo. Ct. App. 2005) contains a limitation of liability statement like the limitation of liability statement in the case before me. The statement provided:

7

> Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance—"Garage Operations"—Covered "Autos" for Liability Coverage shown in the declarations [$500,000].

Id. at 883. The court found this statement limiting the liability per accident to $500,000 to be unambiguous. Id. at 884.

The United States Court of Appeals for the Eighth Circuit concluded that a similar limitation of insurance section of a policy was not ambiguous in Munroe v. Continental Western Cas. Co., 735 F.3d 783 (8th Cir. 2013). The court determined that the uninsured motorist coverage in the Missouri policy at issue could not be stacked to increase the liability amount above the amount referred to in the limitation of insurance statement in the policy. That statement provided:

> Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsured Motorists Coverage shown in the Schedule or Declarations.

Id. at 790.

These cases all reach the conclusion that the limitation of liability statement was not ambiguous despite the fact that other vehicles were insured or additional premiums were paid under the policy. Defendants seek to distinguish these cases

8

by noting that they all involved only one covered vehicle in an accident and the insured was seeking to stack coverage for other vehicles and premiums paid in the same or related policies. Defendants argue that when two vehicles covered by the same policy are involved in an accident, the limitation of liability statement becomes ambiguous because an insured would believe that each vehicle's liability limitation limit would be available in an accident. In the present case Defendants assert that the $1,000,000 limit for the tractor and the $1,000,000 limit for the trailer listed in Item Three of the Declarations pages should be available to pay claims related to the accident.

Defendants' interpretation of the policy attempts to create an ambiguity where none exists. The Limit of Insurance language in Section II- Liability Coverage of the policy is clear and unambiguous. The limit of liability for any one accident is the amount set out in Item Two of the Declarations pages, that is, $1,000,000. As the court decisions above found their policy's language clearly limited liability in the anti-stacking cases, the same / similar language in the policy in this case limits Accuity's liability for any one accident regardless of how many covered autos or premiums paid are contained in the policy. As a result, I find that Accuity is entitled to summary judgment and will declare that the total liability limit under the policy is $1,000,000.

Accordingly,

9

**IT IS HEREBY ORDERED that** Plaintiff Acuity, A Mutual Insurance Company's motion for summary judgment on Count II in its complaint [60] is **GRANTED**.

**IT IS FURTHER DECLARED that** the total limit of coverage available under policy number ZC3253 is $1,000,000 for all injuries and damages arising out of the accident of October 27, 2020.

**IT IS FURTHER ORDERED that** this matter is set for a **status hearing** on **April 26, 2023 at 10:30 a.m.** in person in Courtroom 16 South.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2023.